UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SOLIS, | 1: 07 CV 00030 AWI WMW HC |
| Petitioner, | ORDER DENYING MOTION FOR RE-HEARING |
| v. | [Doc. 19] |
| C. M. HARRISON, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Judgment was entered in this case on March 7, 2008. Pending before the court is Petitioner's motion for re-hearing filed April 4, 2008.

**PROCEDURAL HISTORY**

Petitioner was convicted in Kings County Superior Court of lewd and lascivious acts with a child under fourteen years old, forcible sexual penetration, and unlawful corporal punishment of a child. Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District, which affirmed his appeal. The California Supreme Court denied Petitioner's petition for review on April 21, 2004.

On April 14, 2005, Petitioner filed a petition for writ of habeas corpus in this court in case

number CV-F-05-0498 OWW LJO HC.  On September 15, 2005, the Magistrate Judge entered findings and recommendations that this petition be dismissed.  On November 30, 2005, the District Judge adopted the findings and recommendations and dismissed the action without prejudice.  On February 16, 2006, the court granted Petitioner's motion for reconsideration, re-opened the case, and granted Petitioner 30 days to respond to the findings and recommendations.  On March 31, 2006, the District Judge again adopted the findings and recommendations and dismissed the action without prejudice.  Judgment was entered on March 31, 2006.

On April 5, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The court denied the petition on December 13, 2006.

On January 8, 2007, Petitioner filed the present petition in this court.  On March 7, 2008, the District Judge entered an memorandum opinion and order granting Respondent's motion to dismiss and dismissing this petition as barred by the statute of limitations.   On April 4, 2008, Petitioner filed a motion for "rehearing" which this court has construed as a motion for reconsideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986),

quoting *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id.*

In his motion for reconsideration, Petitioner discusses the procedural history of case number CV-F-05-0498 OWW LJO HC, his first habeas corpus petition filed in this court.  However, as stated in this court's prior memorandum opinion and order, the filing of a federal habeas petition does not toll the running of the statute of limitations under § 2244(d)(2).  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).  Thus, the procedural history of Petitioner's first habeas corpus petition is irrelevant to the dismissal of the present petition on the grounds of untimeliness.  This action is not an appropriate place to re-open CV-F-05-0498 OWW LJO HC.  If Petitioner wishes to re-open the prior case, Petitioner must file a motion in that case.   All of Petitioner's other arguments were either made or could have been made by Petitioner previously, and therefore provide no basis for reconsideration.

Based on the above, Petitioner's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 7, 2008**               **/s/ Anthony W. Ishii**
                                       UNITED STATES DISTRICT JUDGE